RDECUIR, Judge.
These appeals arise from a suit, filed by Dorothy Saucier, for unauthorized removal of trees and a reconventional demand filed by Bunkie Wood Products Company, for breach of a timber contract. The trial court rendered judgment in'favor of both parties, both parties appealed.
PACTS
On October 3, 1993, Saucier sold the hardwood, saw timber, and pulpwood marked with blue paint located on her land in Avoyelles Parish to Bunkie Wood. Bunkie Wood paid $85,176.28 for the timber and the right of ingress and egress to the property. Bunkie Wood was to complete cutting by December 31, 1995. All timber uncut at that time was to revert back to Saucier.
The Saucier timber land is an enclosed estate and, therefore, Saucier entered into *796 a right of way agreement with Maurice Richard for the benefit of Bunkie Wood. Saucier was to pay $2,000.00 for this right of way, but payment was never made. Prior to the commencement of logging, Bunkie Wood obtained a separate right of way from Roy Quirk because it provided easier access.
In June 1994, J.C. Nations, a logging company engaged by Bunkie Wood, began harvesting the Saucier tract. Shortly thereafter, Joel Sanders, the forester hired by Saucier, came to the site and discovered that allegedly unmarked trees had been cut. Nations contended that Sanders had improperly marked some trees by marking them only at eye level and not at the base. Sanders denied this but Bunkie Woods provided videotape evidence at trial to support Nations’ contention. In any event, Sanders and the other foresters who had originally marked the tract returned and did a count of allegedly unmarked trees taken from the property.
| .¡During this period J.C. Nations pulled out of the tract due to inclement weather. In removing their equipment, Nations damaged the Quirk right of way resulting in a denial of further access.
On June 9, 1995, Saucier instituted this suit alleging breach of contract, negligent and/or intentional taking of unauthorized trees, and violation of La.R.S. 3:4278.1. On July 28, 1995, Bunkie Wood wrote Saucier’s attorney to give notice of its intent to commence cutting of timber and to request that the right of way on the Richard property be provided. After several letters, on September 25, 1995, Saucier responded that it was her belief that Bunkie Wood should return to Quirk for access. Saucier never paid Richard for the right of way and Bunkie Wood never gained access to the property. On October 31, 1995, Bunk-ie Wood reconvened alleging that Saucier breached the timber contract by failing to provide access to the property. The timber contract expired on December 31, 1995.
The case was tried without a jury. The trial court entered judgment in favor of Saucier on the primary demand in the amount of $44,742.12 plus attorney fees of $10,000.00 together with legal interest. On the reconventional demand, the trial court awarded Bunkie Wood $38,302.49 together with legal interest.
UNAUTHORIZED REMOVAL OF TREES
Bunkie Wood first contends that the trial court erred in finding that it willfully and intentionally cut or removed trees from the Saucier property without her consent. We disagree.
It is well settled that a court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). Bunkie Wood argues that the evidence it presented that trees were improperly marked reasonably accounts for the unmarked stumps on the property. Therefore, the | circumstantial evidence presented by Saucier failed to exclude other reasonable hypothesis and the trial court erred in concluding that Bunkie Wood had removed trees without consent. This argument fails to consider the testimony in the record which indicates that the proper practice in the logging industry is to leave trees that are improperly marked. Reviewing the record in its entirety, we find no manifest error in the trial court’s conclusion that Bunkie Wood willfully and intentionally removed unmarked trees from the Saucier property.
APPLICABILITY OF LA.R.S. 3:4278.1
Bunkie Wood next contends that the trial court erred in finding La.R.S. 3:4278.1 applicable to persons contractually obligated to remove trees who cut and remove trees that are not contracted to be cut. We disagree.
It is evident that prior to 1992, La.R.S. 3:4278.1 was primarily aimed at tree pirates who crossed clearly marked ownership lines to cut and remove timber from *797 another’s property. Morgan v. Fuller, 441 So.2d 290 (La.App. 2 Cir.1983). Moreover, the case law in some instances held the statute inapplicable where there was a marked timber contract authorizing cutting on the property. Id.
Saucier argues that this interpretation was part of the impetus for the 1992 amendment. Prior to 1992, La.R.S. 3:4278.1 read in pertinent part:
A. It shall be unlawful for any person to cut, fell, destroy or remove any trees, or to authorize or direct his agent or employee to cut, fell, destroy or remove any trees, growing or lying on the land of another, without the consent of the owner or legal possessor.
B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed or removed, plus reasonable attorney’s fees.
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times |sthe fair market value of the trees cut, felled, destroyed or removed. However, the provisions of this Section shall apply only to trees cut or removed across ownership lines, marked boundary lines, or outside of designated cutting area lines, and no provision herein shall apply to cutting operations within an area covered by a contract or agreement with the owner.
[[Image here]]
The 1992 amendment made several important changes to the statute. In Subsection A of the statute, the phrase “or in accordance with specific terms of a legal contract or agreement” was added. In addition, Subsection C was amended to delete the last sentence which had limited the statute’s applicability to trees cut or removed across ownership lines, marked boundary lines, or outside designated cutting area lines. Aso deleted in Subsection C was the portion which stated that no provision of the statute would apply to cutting operations within an area covered by a contract or agreement with the owner.
Bunkie Wood argues that since there is no case law on the amended statute the prior law should apply. We cannot agree. It is evident that the changes in the statute are directed at the very issues before us. Bunkie Wood offers no other interpretation for the changes, and we find none. The trial court did not err in applying the statute to the facts of this case. This assignment has no merit.
INDEPENDENT CONTRACTOR
By this assignment, Bunkie Wood contends that the trial court erred in concluding that Nations was not an independent contractor. We disagree.
This court addressed an almost identical factual situation in Smith v. Hughes Wood Products, Inc., 544 So.2d 687 (La.App. 3 Cir.1989). In Smith, the woodcutter was a producer for Hughes. There was no written contract covering their relationship. Athough the woodcutter furnished his own truck and equipment, | (¡Hughes financed some of the equipment for him and also furnished insurance coverage for him. Most of the time the woodcutter cut and hauled timber which Hughes had purchased from landowners, but occasionally he worked on timber which he acquired from a landowner. We concluded that even though the woodcutter may have been free to work as he wished, in economic reality he was subject to the control and direction of Hughes.
In this case, Nations provided his own truck and equipment, but Bunkie Wood financed some of the equipment for him and deducted insurance premiums for Nations payable to Bunkie Wood’s insurance carrier. Bunkie Wood also deducted payment for Nations’ account with an oil company. Nations generally cut and hauled timber which Bunkie Wood bought *798 from landowners, but also cut timber he had acquired from landowners. Nations sometimes hauled pallets or wood chips for Bunkie Wood when it needed extra trucks. Finally, the correspondence and testimony introduced at trial suggests that Bunkie Wood did not clearly differentiate between its actions and those of Nations.
Bunkie Wood offered no meaningful grounds to distinguish Smith, and we find none. Accordingly, for the reasons assigned in Smith, we find no error in the trial court’s determination that Nations was, in terms of economic reality, an employee of Bunkie Wood rather than an independent contractor. This assignment has no merit.
TREBLE DAMAGES
Bunkie Wood next contends that the trial court erred in awarding treble damages as provided for in La.R.S. 3:4278.1. We disagree.
La.R.S. 3:4278.1 provides that treble damages are owed for good faith violations of the statute “if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal ^possessor of the trees.” For the reasons discussed in Bunkie Wood’s first assignment, we find no error in the trial court’s determination that Bunkie Wood willfully and intentionally cut and removed timber from the Saucier property. Accordingly, the trial court did not err in awarding treble damages under the statute. This assignment has no merit.
BREACH OF TIMBER CONTRACT
Bunkie Wood contends that the trial court erred in concluding that Saucier’s breach of the timber contract was in good faith. Saucier contends that the trial court erred in finding she breached the timber contract. Instead she argues that, at most, she breached the right of way agreement. We disagree with both contentions.
The trial court made the factual determination that neither party seriously wanted to complete the contract. Bunkie Wood made demand of Saucier to get the right of way, but did not press the issue after Saucier responded that they should try going back to Quirk. The court also found that Saucier did not desire Bunkie Wood back on her property.
By the same token, the court noted that Saucier did not pay for the right of way as provided in the right of way agreement, thereby breaching the timber contract provision allowing ingress and egress. Moreover, the court noted that even if Bunkie Wood had paid for the right of way it would have still needed access through property controlled by Saucier’s forester, Joel Sanders. Based on these facts, the trial court concluded that there was a breach, but under the circumstances it was not a bad faith breach. These findings are not manifestly erroneous.
I ^ASSESSMENT OF DAMAGES
Both parties contend the trial court erred in its assessment of damages for the breach of the timber contract. Saucier contends that no damages should have been awarded, or only $2,000.00 for breach of the right of way agreement. Bunkie Wood contends that inadequate damages were awarded.
Saucier’s contention is based on the argument that she did not breach the timber contract and that Bunkie Wood failed to mitigate its damages by simply paying for the right of way. Our discussion of the previous assignment resolved both of these contentions and, therefore, they warrant no further consideration.
Bunkie Wood contends the trial court erred in failing to award lost profits as indicated in the testimony of Burt Cochran, co-owner of Bunkie Wood, and in failing to award damages for timber cut but not removed from Saucier’s land. We find no merit in either contention. Cochran’s testimony was internally inconsistent on the issue of actual lost profits and included *799 costs that were not actually incurred. The trial court was not bound to accept Cochran’s self-serving loss estimates. With regard to the value of timber cut but not removed, we find the trial court considered that as part of the timber not authorized to be cut. Since La.R.S. 3:4278.1 authorizes damages for timber cut, felled, destroyed or removed, BunMe Wood was required to pay for this timber but was not entitled to remove it.
The parties, however, are correct in arguing that the trial judge erred in the assessment of damages. Our review of the record indicates that the trial court found that the original contract authorized Bunk-ie Wood to remove 317,200 board feet of marked timber. The court found that BunMe Wood had received 195,648 board feet of timber, which included 51,204 board feet of improperly cut timber. Thus, the trial |flcourt awarded BunMe Wood damages for the 121,552 feet of timber uncut but paid for under the contract.
It is here that the trial court fell into error. BunMe Wood, by judgment of the trial court, was ordered to pay treble damages for the 51,204 board feet of improperly cut timber. By adding the same 51,204 board feet to the harvested total, the trial court required Bunkie Wood to pay four times for the same timber. We find the 51,204 board feet should be deducted from the harvested total leaving a harvested total of 144,444 board feet of the contracted 317,200 board feet. Therefore, BunMe Wood is entitled to damages for the remaining 172,756 board feet paid for but unharvested. Based on the trial court’s formula, BunMe Wood’s damages are $54,-437.47.
ATTORNEY FEES
Saucier lastly prays that this court grant attorney fees under La.R.S. 3:4278.1 for the prosecution of this appeal. The statute authorizes attorney fees for willful and intentional violations. The trial court found such violations and awarded attorney fees at the trial level. We have affirmed those findings. Accordingly, we award $5,000.00 in attorney fees for the prosecution of this appeal.
DECREE
It is hereby ordered, adjudged and decreed that the judgment of the trial court is amended to award BunMe Wood Products Company a total of $54,437.47, plus legal interest from date of judicial demand until paid, on its reconventional demand. It is further ordered that BunMe Wood Products pay Dorothy Saucier $5,000.00 as attorney fees, plus legal interest from date of judicial demand until paid, for the | mprosecution of this appeal. In all other respects the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED.
WOODARD, J., dissents in part and assigns written reasons.